# UNITED STATES BANKRUPTCY COURT
## District of Delaware
## 824 Market Street, 3rd Floor
## Wilmington, DE 19801

**In Re:**                                                          **Chapter:** 13

Elias Maldonado
13 Alicea Court
New Castle, DE 19720
**SSN:** xxx–xx–0439                                      **Case No.:** 18–12886–BLS

Gladyris Maldonado
13 Alicea Court
New Castle, DE 19720
**SSN:** xxx–xx–2351

### ORDER OF COURT CONFIRMING PLAN AS MODIFIED AND SETTING
### DEADLINES FOR CERTAIN ACTIONS AND NOTICE
### OF OTHER ACTIONS AND ORDERS

**AND NOW, TO–WIT, 3/25/19** , the Court finding that all creditors and parties in interest having received notice of the commencement of case, a copy of Debtor(s) Chapter 13 Plan, and an opportunity to object and be heard thereon, and no objections to confirmation have been made or remain of record, and the plan meets the requirements of 11 U.S.C. Section 1325,

**I. IT IS HEREBY ORDERED** that the Chapter 13 Plan dated 12/28/18 is confirmed as filed or as modified at the plan confirmation hearing. Terms of the plan not expressly modified by this Order remain in full force and effect. The Court retains jurisdiction to make such other and further orders as may be necessary or appropriate to effectuate the Plan and this Order, including those provisions which are checked below:

☑ **A. With Debtor(s) consent, the length of the plan is a total of 60 months. This statement of duration of the plan is approximate. The plan shall not be completed until the goals of the plan have been achieved. The total length of the plan shall not exceed (60) months.**

☑ B. For the remainder of the plan term and with Debtor(s) consent, the periodic plan payment is/or amended to be **$ 457.00 per month for 60 Months** .

☐ C. The plan is approved on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fee.

D. The plan is approved, subject to resolution of actions to determine the avoidability, priority, or extent of liens, the resolution of all disputes over the amount and allowance of claims entitled to priority under Section 507; the resolution of all actions to determine allowed amount of secured claims under Section 506; and the resolution of all objections to claims.

E. Payment Schedule:

☐ 1. The Debtor, or Debtor(s) counsel, shall submit wage attachments for approval within ten (10) days or case will be dismissed.

☑ 2. Plan payments shall be paid by the Debtor directly to the Trustee, Michael B. Joseph, P.O. Box 660, Memphis, TN 38101, with payments due on the 15th day of each month until the plan is completed.

F. Other Provisions:

☐ 1. Fee applications must be served and filed in accordance with Local Order within thirty (30) days.

☐ 2. With the Debtor(s) consent, plan funding shall be increased by sales proceeds or other revenues including law suit proceeds.

☐ 3. The stipulation between the Debtor and dated is incorporated into this Order.

☐ 4.

**II. IT IS FURTHER ORDERED** that the following Deadlines are established:

**A. Applications to Retain Brokers, Sales Agents, or other Professionals:**
If the plan contemplated sales of assets or litigation proceeds as a source of funding, Debtor shall files motion(s) to employ the necessary professionals within thirty (30) days hereof.

**B. Review of Claims Docket and Objections to Claims:**
Debtor's counsel (or Debtor if not represented by counsel) must review all proofs of claim within thirty (30) days after the bar date. All objections to prepetitions claims shall be filed within thirty (30) days of receipt of Chapter 13 Trustee's Motion to Allow Plan Distribution.

**C. Motions or Complaints Pursuant to Section 506 or Section 507:**
All actions to determine the avoidablity, priority or extent of liens, all actions concerning the allowance or amount of claims entitled to priority under Section 507, and all actions pursuant to Section 506 shall be filed within ninety (90) days after the claims bar date.

**D. Filing Amended Plans:**
(1) Within ten (10) days after the Bankruptcy Court resolves the avoidability, priority, or extent of a lien, or any objection to claim, the Debtor shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the Plan. (2) Debtor also shall file an amended Plan within thirty (30) days after the claims bar date(s) in the event that the claims as filed cause the Plan to be underfunded and Debtor does not object to the claim.

**E. Service of this Order:**
The Clerk shall serve a copy of this Order on all parties on the current mailing matrix within five (5) days.

**F. Asset Deadline:**
Motions and/or Complaints to sell assets must be filed within thirty (30) days.

**G. Taxes:**
The Debtor is to serve the Trustee with copies of all tax returns due and/or filed (state and federal income taxes) within 3 days after the returns are filed with the taxing body until the case is no longer in Chapter 13.

**III. OTHER PROVISIONS: IT IS FURTHER ORDERED** that:

A. After the claims objection deadline, the plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to U.S.C. Section 1322(2), nothing in this Order shall be construed to change the payment terms established in the Plan.

B. Any creditor who files or amends a proof of claim shall serve a copy on the Trustee and counsel for the Debtor.

C. Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payment shall notify Trustee and Debtor at least twenty (20) days prior to the change taking effect.

D. The employment and fees of Debtor's general bankruptcy counsel and accountant as provided in the Plan, are approved unless a separate fee application has been ordered above.

E. The Trustee is not precluded from raising preconfirmation defaults in any subsequent motion to dismiss.

F. The IRS and State of Delaware, Division of Revenue are granted relief from stay for the limited purposes offsetting refunds for prepetition years against prepetition indebtedness. The IRS and State of Delaware, Division of Revenue shall amend their claim to reflect the offset.

Brendan Linehan Shannon
Bankruptcy Judge

Dated: 3/27/19

(VAN−308)